## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**THOMAS WILLIAMS,**

      **Plaintiff,**

**v.**                                       **Case No: 5:12-CV-290-Oc-18PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

      **Defendant.**

---

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED** under sentence four of 42 U.S.C. §405(g).

### I.  Procedural History and Summary of the ALJ's Decision

On February 25, 2008, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of August 1, 2006. (Tr. 124-26, 127-29). The Social Security Administration ("SSA") denied his applications initially and upon reconsideration. (Tr. 61-64). Plaintiff requested a hearing before an Administrative Law Judge (Tr. 82-83) and on June 15, 2010, ALJ Deborah

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Arnold held a hearing.  (Tr. 28-60).  On July 21, 2010, ALJ Arnold issued an unfavorable decision. (Tr. 13-22).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2006, the alleged onset date  (Tr. 15).  At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, gout, hypertension, depression with psychological factors affecting physical condition and anxiety.  (Tr. 15).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16).  Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to

> perform a wide range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).  The claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently.  He can sit for 6 hours in an 8-hour workday and stand and/or walk at least 2 hours in an 8-hour workday.  He should never climb ladders/ropes/scaffolds.  He can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, crawl. He is able to do simple, repetitive tasks and have occasional interaction with others.

(Tr. 17-20).

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work.  (Tr. 20).  At step five, relying on VE testimony the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.  (Tr. 20-21).  Thus, the ALJ found that Plaintiff was not disabled from August 1, 2006, through the date of the decision.  (Tr. 21).  The Appeals Council denied Plaintiff's Request for Review.  (Tr. 1-5).  After exhausting his administrative remedies, Plaintiff timely filed the instant appeal.  (Doc. 1).

## II.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.V.R. §404.1520.  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).  Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted);  see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam.)  "The district court must view the record as a

whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560, *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings.)

### III. Analysis

On appeal, Plaintiff only raises one argument – i.e., that the ALJ's hypothetical to the VE failed to account for the "B" criteria limitations identified by the ALJ in applying the Psychiatric Review Technique ("PRT") at step three of the sequential evaluation. Although Plaintiff fails to identify which of the "B" Criteria findings the ALJ did not incorporate into the hypothetical, the undersigned will review the ALJ's finding that Plaintiff has moderate difficulties with concentration, persistence, or pace since the ALJ found only mild restrictions in activities of daily living; mild difficulties in social functioning; and no episodes of decompensation of extended duration. (Tr. 16).

At step three, the ALJ found that Plaintiff had "moderate difficulties" with concentration, persistence or pace. (Tr. 15.)[2] Then, in her RFC assessment and in the hypothetical posed to the VE, the ALJ limited Plaintiff to simple, repetitive tasks with occasional interaction with others. (Tr. 17). The parties disagree whether this limitation adequately accounts for Plaintiff's deficits in concentration, persistence or pace.

When the ALJ finds that a claimant is limited in maintaining concentration, persistence or pace as part of the PRT employed at steps two and three, the ALJ must account for those limitations in the RFC assessment and in the hypothetical posed to the VE. *Winschel v. Comm'r*

---

[2] In her discussion at step three, the ALJ noted that Plaintiff is able to drive a vehicle alone; does not need to be reminded to go places and does not need someone to accompany him; is able to pay attention to something from "start to finish;" is able to follow all instructions, written and spoken instructions, very well; and that Plaintiff reported no problems following directions, depending on what he is trying to do. (Tr. 16).

*of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011).  Limitations to simple, routine tasks or unskilled work, are often, alone, not sufficient to account for a claimant's moderate limitations in concentration, persistence or pace.  *Id.* at 1180 (citing *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009)); *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004).  However, the *Winschel* court recognized that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."  *Id.; see also, Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. App'x 869, 872 (11th Cir. 2011)("[A]n ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies"); *Syed v. Comm'r of Soc. Sec.*, 441 Fed. App'x 632, 635 (11th Cir. 2011)(concluding that "simple, unskilled work sufficiently accounted for limitations in concentration, persistence and pace" where the medical evidence demonstrated that claimant could perform such activities despite his limitations).

     In making her RFC determination, which mirrored the hypothetical to the VE, the ALJ considered all of the evidence relevant to Plaintiff's deficiencies in concentration, persistence, or pace.   The ALJ discussed the May 2008 psychological evaluation performed by Gary Honickman, Ph.D.  (Tr. 18, 290-91).  Dr. Honickman diagnosed Plaintiff with an adjustment disorder with depressed mood and a pain disorder, but did not identify any deficiencies in concentration, persistence, or pace.  Indeed, on mental status, Plaintiff was able to recall six digits forward and three digits backwards; say the alphabet in eight seconds with no errors; and count backwards from 20 to 1 in ten seconds with no errors. (Tr. 291).

The ALJ also considered – but accorded light weight – to the opinion of Daniel Henderson, Ph.D. who performed a consultative evaluation on November 13, 2008. (Tr. 348-50).[3] Dr. Henderson diagnosed major depressive disorder, recurrent, severe, without psychotic features and a past and current GAF score of 40 and concluded that Plaintiff's prognosis was "poor to fair, given the severity of his emotional symptoms and relatively poor response to psychotropic medication." (Tr. 350). The ALJ accorded little weight to Dr. Henderson's opinion because it was not supported by other objective medical evidence, including the clinical and diagnostic findings. (Tr. 18-19). The ALJ pointed out that Dr. Henderson's report showed no behavioral evidence for unusual perceptual experiences, such as auditory or visual hallucination, depersonalization or derealization; Plaintiff was primarily logical and coherent throughout the interview with no perseveration, loose association or tangentiality; and Plaintiff was alert and oriented as to person, place and time. The ALJ further noted that Dr. Henderson relied "quite heavily" on the subjective report of symptoms and limitations provided by the claimant, and seemed to accept most of it as true. The ALJ also noted that Dr Henderson's report contained inconsistencies and his opinion was conclusory with little explanation of the evidence relied upon. Although not challenged by Plaintiff, the undersigned finds that the ALJ articulated good cause for according little weight to the opinion of Dr. Henderson. *See* 20 C.F.R. §§404.1527(c)(3), (4), 416.927(c)(3), (4)(supportability of opinion, consistency of opinion with record).

The ALJ accorded great weight to the opinion of state agency psychological consultant Mary Ann Wharry, Psy.D. who completed a PRT form and a mental RFC ("MRFC") form in November 2008. (Tr. 20, 352-55, 356-59). In the PRT form, Dr. Wharry noted that Plaintiff had

---

[3] Plaintiff does not even mention Dr. Henderson's evaluation in his memorandum.

moderate difficulties in maintaining concentration, persistence, or pace.  (Tr. 366).  However, in the MRFC form, Dr. Wharry concluded that Plaintiff could interact appropriately with others, adapt to routine changes, and avoid hazards.  (Tr. 354).  She further opined that "Plaintiff is able to perform routine tasks as physical limitations allow" and that Plaintiff's mood/pain symptoms "pose generally mild to moderate CPP [concentration, persistence or pace] deficit." (Tr. 354).  Thus, Dr. Wharry's opinion supports the ALJ's conclusion that Plaintiff could work despite his mental limitations.

The ALJ also considered the opinion of treating physician Richard Q. Li, M.D., who in June 2009 completed a form assessing Plaintiff's ability to do work-related activities from a mental standpoint (Tr. 384-87).  Dr. Li opined that Plaintiff had "poor to no" ability: to perform at a consistent pace without an unreasonable number and length of rest periods; to understand, remember, and carry out detailed instructions; or to deal with the stress of semiskilled or skilled work.  Dr. Li also opined that Plaintiff had a "good" ability to understand, remember and carry out short and simple instructions and a "fair" ability to maintain attention for a two hour segment.

The ALJ found Dr. Li's opinion regarding Plaintiff's mental impairments "not persuasive" because it was outside his area of expertise and the limitations are excessive in light of the findings and treatment history.  (Tr. 19).  A review of Dr. Li's treatment records show that he treated Plaintiff for a variety of  complaints including low back pain, right lower extremity radiculopathy, lumbar stenosis, degenerative disc disease, frequent urination, anxiety, depression, gout, GERD, and migraines.  (Tr. 250-55, 275-88, 338-46, 393-400, 413-20).  On July 2008, Dr. Li assessed anxiety and noted that he would "try Valium." (Tr. 338).  While other treatment notes show one word entries for "anxiety" and/or "depression," there is no description

of the severity of Plaintiff's symptoms.   (Tr. 393, 399, 413-20).   Although not directly challenged by Plaintiff, the undersigned finds that the ALJ articulated good cause for not fully crediting the opinion of Dr. Li.   *See* 20 C.F.R. §§404.1527(c)(4), (5), 416.927(c)(4), (5)(consistency of opinion with record and specialization of physician).

In addition, the ALJ discussed other evidence that shows Plaintiff can perform simple and repetitive tasks despite limitations in concentration, persistence or pace.   The ALJ noted that at the hearing Plaintiff responded to nearly every question she presented without requesting clarification or pausing; and that Plaintiff "readily recalled and articulately relayed his education level, the names of his doctors, the medication that he takes, his impairments and details of a majority of his work history." (Tr. 18).   The ALJ also noted Plaintiff's self-reported daily activities including watching the news, reading, driving errands, and occasional visits from friends (Tr. 18), along with his ability to take care of his personal hygiene needs, help with the children, feed the family pet, do limited household chores, prepare microwavable food, and pay bills and handle personal savings account.  (Tr. 16).

This record evidence – all of which the ALJ discussed – supports her implicit finding that, despite Plaintiff's mental impairments, he can perform simple, repetitive tasks.   *See Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)("when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence and pace," an RFC for unskilled work "sufficiently accounts for such limitations.")  Because the hypothetical question posed to the VE mirrored the mental RFC, it adequately accounted for Plaintiff's moderate limitations in concentration, persistence and pace, and thus, the ALJ properly relied on the VE's testimony.

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE AND ENTERED** in Ocala, Florida, on June 17, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

All Counsel